ip AKER was arrested on a ca. sa. and went to prison. T«#ó days after, the defendant delivered a f-fa. to the sheriff, who levied on the goods of Baker, and sold and satisfied the f-fa. Afterwards, the two months expired from Baker’s first arrest, and he was declared a bankrupt. ■ It was proved on this trial, that about three months before the said arrest, he conveyed all his lands to Mr. Norfleet, to satisfy a debt he owed Norfleet s' and the questions were two ; whether he was a bankrupt from the time of the first arrest, or from the end of the two months ; for if the latter, then the goods were 3old by the sheriff before he became a bankrupt, and the assignees had no title. Secondly, whether the conveyance to Mr. .Norfleet was a fraudulent conveyance. Thirdly ; if so, whether the assignment related further back than to the act of bankruptcy upon which the com-xuisson issued. As to the first, the defendant’s counsel cited 2 Burr. 818, to shew that the reason why it relates in England to the first arrest, is bexause the act of James I. expressly so directs, which our act omits. Secondly, they said it was immaterial whether the said conveyance were fraudulent or not,because the clause in the act of Congress concerning the assignment, makes the assignment good only as to ail persons who claimed by or under any act done at the time or after the act of bankruptcy upon which the commission issued. Blit if it were necessary' to consider whether fraudulent or not, they could readily shew from many cases, that a conveyance of part in satisfaction of one creditor, and when an act of bankruptcy was not in contemplation, was not a fraud.
Hail, Judge, adjourned the case to the Court of Conference.